UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 2:26-cv-09260-MWC-AS Date: September 9, 2026

Title: Ronald Clark v. VRC Companies, LLC, *et al.*

Present: The Honorable Michelle Williams Court, United States District Judge

| T. Jackson | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| N/A | N/A |

**Proceedings: (IN CHAMBERS) ORDER *SUA SPONTE* REMANDING ACTION TO SUPERIOR COURT OF LOS ANGELES (CASE NO. 26TRCV02462) JS-6**

This is a personal injury action. Dkt. # 1 ("*NOR*") at 2. On August 19, 2026, Defendant VRC Companies, LLC ("Defendant") removed the action from the Superior Court of California, Los Angeles based on diversity jurisdiction. *Id.*

I. Legal Standard

"'Federal courts are courts of limited jurisdiction,' possessing 'only that power authorized by Constitution and statute.'" *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)); *Exxon Mobil Corp v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005). As such, "[i]t is to be presumed that a cause lies outside this limited jurisdiction . . . and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen*, 511 U.S. at 377 (internal citations omitted); *Gila River. Indian Cmty. v. Schoubroek*, 145 F.4th 1058, 1070 (9th Cir. 2025) (same). It is well-established that federal courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Foster v. Chatman*, 578 U.S. 488, 496 (2016) (internal quotation marks and citation omitted); *Moe v. GEICO Indem. Co.*, 73 F.4th 757, 759 (9th Cir. 2023).

"The party seeking to invoke the district court's diversity jurisdiction always bears the burden of both pleading and providing diversity jurisdiction." *Rainero v. Archon Corp.*, 844 F.3d 832, 840 (9th Cir. 2016). "[T]he essential elements of diversity jurisdiction must

be affirmatively alleged in the pleadings." *Id.* (cleaned up). Title 28 U.S.C. § 1332(a) sets forth the requirements to invoke the Court's diversity jurisdiction. 28 U.S.C. § 1332(a). The parties must be "citizens of different States" and "the matter in controversy [must] exceed[] the sum or value of $75,000, exclusive of interest and costs." *Id.* § (a)(1). For the purposes of assessing diversity jurisdiction, "[a] limited liability company is a citizen of every state of which its owners/members are citizens, not the state in which it was formed or does business." *Voltage Pictures, LLC v. Gussia, S.A. de C.V.*, 92 F.4th 815, 822 (9th Cir. 2024) (internal quotation marks and citation omitted); *see also Doe v. Deutsche Lufthansa*, 157 F.4th 1103, 1115 (9th Cir. 2025) ("Defendant LGBS, an LLC, is a citizen of Oklahoma and Delaware, because . . . its sole member is a citizen of Oklahoma and Delaware."); *3123 SMB LLC v. Horn*, 880 F.3d 461, 465 (9th Cir. 2018).

## II. Discussion

As the proponent invoking this Court's jurisdiction, it is Defendant's burden to demonstrate by a preponderance of the evidence that the parties are diverse and that the amount-in-controversy is satisfied. *See, e.g.*, *Est. Design and Constr., Inc. v. Revamp Panels, LLC*, No. 2:25-cv-10399-JAK (BFMx), 2025 WL 3229980, at *1 (C.D. Cal. Nov. 19, 2025)

### A. Diversity of Citizenship

In its Notice of Removal, Defendant alleges that Plaintiff is a citizen of California, and that Defendant is a "limited liability company registered under the laws of the State of Delaware" with its principal place of business in Tennessee. *NOR* at 2.

For purposes of assessing diversity jurisdiction, the Court is not concerned with Defendant's principal place of business or state of incorporation. Instead, the Court must assess the citizenship of each of Rowland's owners/members. *See Voltage Pictures*, 92 F.4th at 822. Defendant has therefore failed to properly demonstrate the parties are diverse.

### B. Amount-in-Controversy

Second, Defendant alleges that the amount in controversy is satisfied merely because "Plaintiff alleges in his complaint that he sustained significant injuries" which will result in "some or all disability." *NOR* at 3. Defendant mentions that, if necessary, it will

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 2:26-cv-09260-MWC-AS Date: September 9, 2026

Title: Ronald Clark v. VRC Companies, LLC, *et al.*

present facts to support that the amount-in-controversy is satisfied. *Id.* This is plainly insufficient.

Title 28 U.S.C. § 1446 requires a removing defendant to file "a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action." 28 U.S.C. § 1446(a). The Court's Standing Order requires the same. *See* Dkt. # 9 at 4. Yet here, Defendant plainly failed to submit copies of the state court filings, including the Complaint. Moreover, Defendant did not even attempt to satisfy its burden to demonstrate that the amount-in-controversy is met.

"The amount in controversy is generally determined from complaint allegations." *Fowler v. Wells Fargo Bank, N.A.*, No. 2:25-cv-06256-BFM, 2025 WL 2507014, at *1 (C.D. Cal. Sept. 2, 2025) (citations omitted); *Sky-Med, Inc. v. Fed. Aviation Admin.*, 965 F.3d 960, 965 (9th Cir. 2020). "When it is not clear from the face of the complaint that the amount exceeds $75,000, the removing party must put evidence before the Court to establish that it is 'more likely than not' that the amount in controversy exceeds that threshold." *Fowler*, 2025 WL 2507014, at *1 (citing *Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 416 (9th Cir. 2018)). "If from the face of the pleadings, it is apparent, to a legal certainty, that the plaintiff cannot recover the amount claimed, or if from the proofs, the court is satisfied to a like certainty that the plaintiff never was entitled to recover that amount, diversity jurisdiction cannot be maintained." *Id.* (citation omitted).

Here, "the Court has nothing before it about the amount that can be realistically attributed to" Plaintiff's possible damages or the amount-in-controversy. *Id.* at *2. Defendant did not even attempt to satisfy its burden to show that the amount-in-controversy is met here. Accordingly, the Court *sua sponte* **REMANDS** this action for lack of subject-matter jurisdiction. *Cf.* 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 2:26-cv-09260-MWC-AS Date: September 9, 2026

Title: Ronald Clark v. VRC Companies, LLC, *et al.*

III. Conclusion

In light of the foregoing, the Court *sua sponte* **REMANDS** this action to the Superior Court of California, County of Los Angeles (Case No. 26TRCV02462). The Clerk of Court is instructed to **CLOSE** this case **[JS-6].**

**IT IS SO ORDERED.**

:

**Initials of Preparer** TJ